## ALFRED COOPER

v.

## JENNIE COOPER.

SEPARATE MAINTENANCE.—The object of the statute is to confer jurisdiction upon a court of equity, to enforce the common law duty of the husband to furnish support to his wife in all cases where she is living separate and apart from him without her fault. In this case, the evidence goes to show that the wife voluntarily left her husband without his consent, and is now living separate and apart from him, in her own wrong, and therefore is not entitled to relief.

ERROR to the Circuit Court of Macon county; the Hon. W. E. NELSON, Judge, presiding. Opinion filed October 2, 1879.

Mr. W. C. JOHNS, for plaintiff in error; contending that the wife must be living apart from her husband, without her fault, cited Ross v. Ross, 69 Ill. 569.

Where husband and wife are living apart, the presumption is *prima facie* against her power to bind him for debts contracted: Reed v. Moore, 5 C. & P. 200; Mainwaring v. Leslie, 2 C. & P. 507; 2 Smith's Lead. Cas. 449.

The wife's right to support is terminated by leaving her husband without cause: McCutcheon v. McGahay, 11 Johns, 281; Evans v. Fisher, 5 Gilm. 569; Walker v. Simpson, 7 W. & S. 83.

Messrs. CREA & EWING, for defendant in error, cited Laws of 1877, 115.

DAVIS, P. J.   This was a suit in chancery, commenced by appellee against appellant, to recover a reasonable support and maintenance under the act of May 17, 1877, which provides: "That married women, who, without fault, now live or hereafter may live separate and apart from their husbands, may have their remedy in equity in their own names respectively against their said husbands for a reasonable support and maintenance while they so live, or have so lived separate and apart." Revised Statutes of 1877, page 555.

The parties in this case were married March 1st, 1877, appellant being under twenty-one and appellee under eighteen years of age, and lived together until October 15th, 1878, when they separated.   The evidence is somewhat conflicting, but the weight of the testimony seems to be that appellant treated his wife kindly, and provided her with plenty of food and raiment suitable to their condition in life.   Appellee had left appellant three or four times, and returned to her father's to stay, but had been brought back to her husband's house by some of her own people.

The immediate cause of their present separation was a dispute arising between them with reference to a desire on his part to haul corn for his father on that day, and a wish on her part that he should work for himself instead of for his father, and buy some clothing for herself and their child, which quarrel ended with a threat on her part that if he hauled corn for his father that day she would go home and stay, and compel him to support her.   This threat she carried into immediate execution, notwithstanding the efforts made by him to alter her determination.   She left him, as we conceive, voluntarily and without sufficient cause, and probably the explanation is that she married appellant when too young and without sufficient maturity of judgment, and as testified to by some of the witnesses, she regretted she had not made choice of some one else she liked better than she did her husband.

After the separation, appellant took some of his things and went to his father's, returning daily to look after the stock left upon the place.

On the Friday following, appellee returned to her husband's

place and sent word to him at his father's to come back, as she was ready to live with him again.  He returned to attend to his stock, but did not remain to live with her.  She staid there until Sunday, the twentieth, and as she testifies, had no communication with her father's family from the time she left on Friday, and as appellee testified, she told him she had only come back to get an advantage of him in the law, and she only intended to stay at his house until Sunday morning, at which time she told her brothers to come over after her.  On Sunday morning, at six o'clock, her brothers came for her, and she returned with them to her father's.

On the Wednesday or Thursday following she went back to her husband's house, and removed therefrom the balance of her things, and on the same Wednesday she commenced this proceeding.

The evidence is conflicting as to what passed between them when she sent for him; but taking it altogether, and the circumstances connected with the case, including the manner and time of her return to her father's, and by whom returned, we are led to the conclusion that her return to her husband's and her offer to live with him was not in good faith, but with the design to obtain some advantage over him in the contemplated proceedings against him.  Had she returned and in good faith offered to live with him as a faithful and loving wife, it would have been his legal duty to have received her, and resumed the obligations and responsibilities of a husband.  And whenever she does so return to him, and in such a spirit, the law will require him to receive her or suffer the consequences.

In Ross v. Ross, 69 Ill. 569, a case arising under the act of 5th March, 1867, which is the same in every respect as the one under which this suit was brought, the Supreme Court held: " That the object of the statute was to confer jurisdiction upon the court of equity to enforce the common law duty of the husband to furnish support and maintenance for the wife in all cases where she is living separate and apart from him without her fault; or, in other words, under such circumstances as would enable her to avail herself of the common law remedy of obtaining such support upon the credit of her husband."

At common law, the husband is not responsible for necessaries furnished to the wife when residing apart from her husband, if she left him without good and sufficient cause, and without his consent. Evans v. Fisher, 5 Gilm. 569. In this case we think appellee left her husband voluntarily, without his consent, and without good and sufficient cause; and that she is now living separate and apart from him in her own wrong, and is therefore not entitled to relief.

The court below granted appellee a decree, requiring appellant to pay her fifty-five dollars immediately, and the sum of twelve dollars each month, commencing from the fifty-fourth day of that term, until the further order of the court.

This was error, and the decree must be reversed and the bill dismissed.

                                        Decree reversed.